**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**


**REGINA ANDERSON, on behalf of herself
and a class of others similarly situated,**

        **Plaintiffs,**

**vs.**                                                                     **CIVIL ACTION NO.** 5:13-cv-25760
        **Removed from the Circuit Court of
Wyoming County, West Virginia**


**LIBERTY MUTUAL INSURANCE
COMPANY, LIBERTY MUTUAL HOLDING
COMPANY, INC., LIBERTY MUTUAL
GROUP, INC., AND LIBERTY MUTUAL FIRE
INSURANCE COMPANY,**

        *Defendants.*


**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1446 and 1453, Liberty Mutual Insurance Company, Liberty Mutual Holding Company, Inc., Liberty Mutual Group, Inc., and Liberty Mutual Fire Insurance Company, (hereinafter referred to collectively as the "Liberty Mutual Defendants"), hereby removes this case from the Circuit Court of Wyoming County, West Virginia to the United States District Court for the Southern District of West Virginia.  In support of this removal, the Liberty Mutual Defendants state as follows:


1.  Plaintiff Regina Anderson (hereinafter "Plaintiff") commenced this action by filing a complaint in the Circuit Court of Wyoming County on September 12, 2013.

2.  A copy of the Complaint was sent to the Liberty Mutual Defendants by certified mail dated September 12, 2013 from the Clerk of the Circuit Court of Wyoming County.

3.   On September 16, 2013, the Liberty Mutual Defendants first received notice of the state court proceeding upon receipt of the Plaintiff's Complaint in the certified mailing from the Clerk of the Circuit Court of Wyoming County.

4.   Upon information and belief, the Plaintiff is a citizen of the State of West Virginia.

5.   Defendants Liberty Mutual Insurance Company, Liberty Mutual Holding Company, Inc., Liberty Mutual Group, Inc., and Liberty Mutual Fire Insurance Company are all Massachusetts corporations.

6.   Plaintiff's Complaint in West Virginia State Court includes claims under West Virginia Code sections 46A-6B-3, 46A-6B-6, 46A-6-102, 46A-6-104, and 46A-6-106.   The Complaint also contains class action claims.

7.   A true and correct copy of all pleadings provided to the Liberty Mutual Defendants to date in the state court proceeding are attached hereto as Exhibit "A" and a copy of the docket sheet is attached hereto as Exhibit "B".

8.   The Plaintiff has not specifically pled a sum certain that she is seeking from the Liberty Mutual Defendants in the *ad damnum* clause of her Complaint.  However, the Plaintiff has asked for damages for compensation for the alleged difference in price, value and/or the parts used and new OEM parts, or $200 per part, whichever is greater.   Furthermore, the Plaintiff is seeking punitive damages, prejudgment interest, costs, expenses, and attorney's fees. In that regard, the potential amount of damages in question far exceeds the minimum statutory threshold amount in controversy of $75,000.  (Please see Exhibit A.)

9.   The present lawsuit is removable from the state court to this Court, pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332(a)(1), because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a West Virginia citizen

as plaintiff and Massachusetts corporations as defendants, said diversity of citizenship existing both at the time of filing of the Complaint and the filing of this Notice.

10. "A defendant who removes a case from state court in which the damages sought are unspecified, asserting the existence of federal diversity jurisdiction, must prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount." *Patton v. Fifth Third Bank*, 2006 WL 771924, *1 (S.D.W.Va. Mar. 24, 2006). "More specifically, the amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal." *Id.* (citations and internal quotation omitted).

11. Furthermore, claims for punitive damages and attorneys' fees are factored into the amount-in controversy analysis, and these claims only further increase the amount in controversy here. *See, e.g., Shumate v. DynCorp Intern. LLC*, 2012 WL 830241, *5 (S.D.W.Va. Mar. 9, 2012) (rejecting plaintiff's contention that amount in controversy requirement was not met, and stating: "Plaintiff's claims for punitive damages and attorney fees, likewise, need not be considered to reach the jurisdictional amount in controversy; but, of course, if Plaintiff were to be successful on such claims, this would also augment the amount in controversy"); *Patton v. Fifth Third Bank*, 2006 WL 771924, *2 (S.D.W.Va. Mar. 24, 2006) ("In addition to compensatory and statutory damages, punitive damages may be included for the purpose of determining the amount in controversy"). As the Plaintiff's complaint seeks not only compensatory damages, but attorney fees and punitive damages in an amount that would "deter future willful and wanton violations of the law by Liberty Mutual and other insurance companies" as alleged on Page 8 of the Plaintiffs' Complaint, then the amount in controversy is clearly above the $75,000 jurisdictional threshold.

12. This notice of removal is timely filed under 28 U.S.C. § 1446(b) because the notice is filed within thirty (30) days of receiving a copy of the Complaint on September 16, 2013.

13. As required by 28 U.S.C. § 1446(d), the Liberty Mutual Defendants will provide written notice of the filing of this Notice of Removal to Plaintiff.   The Liberty Mutual Defendants will also file a copy of this Notice of Removal with the Clerk of the Circuit Court of Wyoming County, West Virginia.

14. As evidenced by this electronic filing, the Liberty Mutual Defendants have paid the filing fee of $400.00 through the CM/ECF system via credit card.

WHEREFORE, notice is hereby given that this action is removed from the Circuit Court of Wyoming County, West Virginia to the United States District Court for the Southern District of West Virginia.

**Dated: October 15, 2013**

**LIBERTY MUTUAL INSURANCE COMPANY, LIBERTY MUTUAL HOLDING COMPANY, INC., LIBERTY MUTUAL GROUP, INC., AND LIBERTY MUTUAL FIRE INSURANCE COMPANY**
**BY COUNSEL**

**MARTIN & SEIBERT, L.C.**


**Matthew R. Whitler                                          /s/**
Clarence E. Martin, III
W.Va. State Bar No. 2334
Email:          cemartin@martinandseibert.com
Matthew R. Whitler
W.Va. State Bar No. 7628
Email:          mrwhitler@martinandseibert.com
P.O. Box 1286, 1453 Winchester Avenue
Martinsburg, WV 25402
Telephone:     (304) 267-8985
Facsimile:     (304) 267-0731
*Counsel for Liberty Mutual Insurance Company,*
*Liberty Mutual Holding Company, Inc.,*
*Liberty Mutual Group, Inc., and*
*Liberty Mutual Fire Insurance Company*

## CERTIFICATE OF SERVICE

I, Matthew R. Whitler, hereby certify that on October 15, 2013, a true and correct copy of

the foregoing **NOTICE OF REMOVAL** was served upon the following individuals by United

States first class mail, postage prepaid, and addressed as follows:

>W. Stuart Calwell, Jr., Esq.
>Alex McLaughlin, Esq.
>The Calwell Practice, PLLC
>Law and Arts Center West
>500 Randolph Street
>Charleston, WV 25302

**Matthew R. Whitler**                                           **/s/**
Clarence E. Martin, III
W.Va. State Bar No. 2334
Email:          cemartin@martinandseibert.com
Matthew R. Whitler
W.Va. State Bar No. 7628
Email:          mrwhitler@martinandseibert.com
P.O. Box 1286, 1453 Winchester Avenue
Martinsburg, WV 25402
Telephone:     (304) 267-8985
Facsimile:     (304) 267-0731
*Counsel for Liberty Mutual Insurance Company,*
*Liberty Mutual Holding Company, Inc.,*
*Liberty Mutual Group, Inc., and*
*Liberty Mutual Fire Insurance Company*